CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for Roanoke
AUG 2 8 2007
JOHN F. CORCORAN, CLERK
BY: /s/ Pam Coleman
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **RASHADI ANDRE WEARING,** </br> Petitioner, | Civil Action No. 7:07CV00253 |
| v. | **MEMORANDUM OPINION** |
| **UNITED STATES OF AMERICA,** </br> Respondent. | By: Hon. Norman K. Moon </br> United States District Judge |

Petitioner Rashadi Andre Wearing ("Wearing"), a federal inmate proceeding pro se, brings this action as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Wearing claims that counsel provided ineffective assistance in several instances, including failing to file an appeal after Wearing requested that he file an appeal.[1] Respondent has filed a Motion to Dismiss, Wearing has filed a timely response, and the matter is now ripe for disposition. On the existing record, the court is unable to resolve Wearing's claim that counsel was ineffective in failing to file an appeal upon request and, therefore, orders an evidentiary hearing on the issue.

## I.

On December 8, 2004, a grand jury returned a five-count indictment against Wearing and seven other defendants. Wearing was charged with conspiring to distribute 50 grams or more of a mixture or substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. § 846 (Count One); and with possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count Five). On August 8, 2005, by written plea agreement, Wearing pleaded guilty to Count One and waived his right to appeal any sentencing guideline issues, to

---

[1] Wearing further claims that counsel was ineffective for "mislead[ing] the Petitioner into a[n] unknowing, involuntary and unintelligent plea"; knowing that Petitioner was on mental illness medication . . . the day of sentencing" and failing to inform the court of Petitioner's illnesses and medications; failing to argue that Petitioner's sentence was unreasonable pursuant to United States v. Booker, 543 U.S. 220 (2005) and 18 U.S.C. §3553; and failing to argue the impropriety of Petitioner's enhanced sentence. (Pet'r Mot. Vacate, Attach. 2 at 3).

collaterally attack the judgment and sentence imposed by the court, and to bring any claim he might have regarding ineffective assistance of counsel known and not raised at the time of sentencing. In accordance with the plea agreement, the court dismissed the remaining count of the indictment pertaining to Wearing. The court ultimately sentenced Wearing to 262 months imprisonment for Count One, to be followed by a five year term of supervised release.

## II.

One of Wearing's claims of ineffective assistance is that counsel failed to file an appeal upon Wearing's request.[2] An attorney is "required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." United States v. Poindexter, ___ F.3d ___, slip op. at 14 (4th Cir. June 28, 2007); see also United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (finding that "an attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective" (quoting Roe v. Flores-Ortega, 528 U.S. 470, 475-77 (2000))). The inmate need not show a reasonable probability of success on appeal. See Peguero v. United States, 526 U.S. 23, 28 (1999); Witherspoon, 231 F.3d at 926. Thus, if Wearing's allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief. On the record as it currently exists, the court is

---

[2] Because this claim pertains to the possibility that defendant was denied counsel at a stage of the proceedings following the entry of the plea, it falls outside the scope of the waiver, requiring the court to assess this claim on its merits. See United States v. Poindexter, ___ F.3d ___, slip op. at 8 (4th Cir. June 28, 2007) (overturning district court's denial of § 2255 motion on grounds of ineffective assistance of counsel, and holding that defendant's attorney provided ineffective assistance by disregarding defendant's unequivocal instruction to file notice of appeal, even though defendant had executed a collateral attack waiver as part of his guilty plea); United States v. Lemaster, 403 F.3d 216, 220 n. 2 (2005) (acknowledging that the applicability of United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994) (holding that a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings), to collateral attack waivers was not squarely before the court, but noting: "[W]e have no occasion to consider whether a district court should address similar claims in a § 2255 motion despite a general waiver of collateral attack rights. . . . [H]owever, we see no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights.").

unable to evaluate the merits of Wearing's allegation. Accordingly, the court will order an evidentiary hearing as to whether Wearing unequivocally instructed his attorney to file a notice of appeal.[3]

### III.

With regard to Wearing's other claims of ineffective assistance, the United States Court of Appeals for the Fourth Circuit, in United States v. Killian, 22 Fed. Appx. 300 (4th Cir. 2001), has instructed that, when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal despite petitioner's request, the court should not consider the merits of any of the remaining claims in the § 2255 motion, but should instead dismiss those claims without prejudice. Since the outcome of the evidentiary hearing may affect the issues raised in Wearing's other claim, the court will not at this time address Respondent's argument in its Motion to Dismiss regarding Wearing's other claims. Respondent's Motion to Dismiss will be taken under advisement until such time as it is appropriate to address Petitioner's other claims.

### IV.

For the foregoing reasons, the court will refer the matter to the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for conduct of a hearing and the preparation of a Report and Recommendation recommending a disposition of all claims. An appropriate Order will be entered this day.

---

[3] If his attorney was so instructed, Wearing is to be allowed a direct appeal. Poindexter, slip op. at 14. If his attorney was not so instructed, the court will have to determine if Wearing met his burden of showing that: (1) his attorney had a duty to consult under Flores-Ortega; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations. Id.

Case 7:07-cv-00253-NKM-BWC Document 14 Filed 08/28/07 Page 3 of 4 Pageid#: 163

**ENTER**: This 28th day of August, 2007.

_____
United States District Judge